Date signed February 04, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| STEVEN L. FIELDS | : | Case No. 05-43532PM |
| REGINA G. FIELDS | : | Chapter 7 |
| | : | |
| Debtors | : | |
| JANET M. NESSE, TRUSTEE | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 07-0782PM |
| | : | |
| REGINA G. FIELDS | : | |
| KENYA NICHOLAS | | : |
| | : | |
| Defendants | : | |

### MEMORANDUM OF DECISION

The trial on the Complaint to Avoid Fraudulent Conveyance came before the court, and the following are the court's Findings of Fact and Conclusions of Law.

This case involves the below-market acquisition of the Debtors' former residence located at 2704 Poe Place, Waldorf, Maryland, for a stated price of $255,000.00. The conveyance to Kenya Nicholas was accomplished by Deed dated October 4, 2004, acknowledged November 4, 2004, and recorded December 7, 2004. To facilitate the acquisition, the entireties interest of Steven Fields was conveyed to Regina Fields by a quitclaim deed dated and acknowledged October 6, 2004, that was recorded October 27, 2004. It is beyond dispute that the conveyance

was a fraudulent conveyance and subject to the proscription of MD. CODE ANN. COM. LAW § 15-204 ("Every conveyance made and every obligation incurred by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.")  The conveyance was made at a time when the Debtors were facing foreclosure and, had this conveyance been made on or after April 3, 2008, it would have been subject to the provisions of the Protection of Homeowners in Foreclosure Act, MD. CODE ANN. REAL PROP. § 7-301, et seq.  *See generally, Johnson v. Wheeler*, 492 F.Supp. 2d 492 (D. Md. 2007).  The property in question was a residence in default as defined by § 7-301(k) and was clearly a foreclosure consultant as defined by § 7-301(c).  This was a foreclosure rescue transaction as defined by § 7-301(f).

As a result of the transfer, Regina Fields received $2,000.00 and, as the Defendant Nicholas testified at trial, she paid nothing out of pocket in connection with the settlement of the transfer to her.  The court is handicapped by the fact that the settlement sheet for this transaction was not offered in evidence.  All the court has is the knowledge that the Defendant Nicholas emerged from the transaction owning the property and not putting one dime down.

While the Plaintiff argues that the bankruptcy estate is entitled to the difference between the amount paid of $255,000.00 for this property by Defendant Nicholas and the amount for which the property was sold to one Pamela D. Lyons In October 2007, that is, $315,000.00., the court finds a more reasonable approach is the intermediate refinancing amount of $289,000.00.  Because of the sale to a bona fide purchaser, the court cannot avoid the transfer, but it will grant Plaintiff a judgment for the difference between the amount paid by Defendant Nicholas for this property of $255,000.00 and $289,000.00 that was realized through refinancing.

An appropriate order will entered.

cc:
Janet M. Nesse, Trustee, 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Jamie Dibble, Esq., 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Regina G. Fields, 2704 Poe Place, Waldorf, Md 20601
Kenya Nicholas
    (1) 2704 Poe Place, Waldorf, MD 20601
    (2) 10202 Spring Water Lane, Upper Marlboro, Md 20772

**End of Memorandum**